404 P.2d 831

Charles ROTHWEILER, Petitioner,

v.

SUPERIOR COURT OF PIMA COUNTY, Mary Anne Richey, Judge, and the City of Tucson, Respondents.

No. 2 CA–CIV 109.

Court of Appeals of Arizona.

Aug. 17, 1965.

488

J. William Moore, Phoenix, for petitioner.

Calvin Webster, City Atty., by John O. Franklin, Tucson, for respondents.

J. LaMar Shelley, Mesa, for League of Arizona Cities and Towns, as amicus curiae.

MOLLOY, Judge.

In its memorandum in support of its petition for rehearing, the State has called our attention to the fact that in its response to the petition for writ of prohibition, it denied the allegations of the petition that the trial court had exceeded its jurisdiction and denied that there was no plain, speedy and adequate relief at law for the petitioner. The State now asks us to hold that prohibition is not a proper remedy to raise the jury trial question before the Court.

■ We have examined carefully the response filed by the State to the petition for writ of prohibition, and still are of the opinion that this question was not properly raised. The response states that objection is made to the granting of the writ of prohibition " * * * for the reasons set forth in the Memorandum attached hereto and incorporated herein as though fully and completely set forth." There is no other statement of a grounds for objection. There is nothing in the memorandum filed by the State in support of its objections concerning the appropriateness of the remedy. Neither was there anything said at the time of oral argument on the petition for alternative writ nor at the time of the oral argument on the hearing after the issuance of alternative writ. This court holds that it is now too late to raise this question on a motion for rehearing.

■ At the time of oral argument on the motion for rehearing, the State called our attention to the fact that the alternative writ issued by this Court restrained the lower court "from any further proceedings in said action" and that the opinion of the court orders that this alternative writ be made permanent. From this, the State suggests that there may be some contention made that the trial court may not proceed with the trial of the defendant on the charge made even if a jury trial were to be granted him. Semantically speaking, this is correct, and this Court believes that its opinion should be modified in this respect, so that the writ of prohibition made permanent by this court will be that the lower court is restrained from proceeding with the trial of the defendant unless a jury trial is afforded to him.

The Court has carefully considered the other matters raised on the motion for rehearing, and has not been persuaded thereby. Accordingly, except as herein modified, the opinion of this Court issued on June 14, 1965, 402 P.2d 1010, remains the same and the motion for rehearing is denied.

KRUCKER, C. J., and HATHAWAY, J., concur.